UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| NATIONAL REVIEW INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>FEDERAL HOUSING FINANCE AGENCY,<br><br>    Defendant. | Civil Action No. 25-3786 (CJN) |

## ANSWER[1]

Defendant Federal Housing Finance Agency ("Agency") respectfully submits this Answer to the Complaint (ECF. No. 1) filed by Plaintiff National Review Inc., brought pursuant to the Freedom of Information Act ("FOIA").

All allegations not specifically admitted, denied, or otherwise responded to below are hereby denied.  To the extent the Complaint refers to or quotes from external documents, statutes, or other sources, Defendant may refer to such materials for their accurate and complete contents in response; however, Defendant's references are not intended to be, and should not be construed to be, an admission that the cited materials are: (a) correctly cited or quoted by Plaintiff; (b) relevant to this, or any other action; or (c) admissible in this, or any other, action.  Defendant expressly deny all allegations in the Complaint including the relief sought, that are not specifically admitted to or otherwise qualified in this Answer.

---

[1]    For ease of reference, Defendant's Answer replicates the headings contained in the Complaint. Although Defendant believe that responses to headings in the Complaint are not required, to the extent a response is deemed required and to the extent the headings or subheadings contained in the Complaint or this Answer could be construed to contain factual allegations, any such allegations are denied.

## COMPLAINT

1.      Defendant admits only that the Agency has made criminal referrals to the U.S. Department of Justice for various matters since March 14, 2025.  Defendant denies the remaining allegations in this paragraph.

2.      Defendant avers that since October 27, 2025, the only communication with Plaintiff was to explain that the Agency never received the purported September 4, 2025, FOIA request. Defendant denies the remaining allegations in this paragraph.

3.      Plaintiff's prayer for relief, to which no response is required.  To the extent a response is deemed required, Defendants deny that Plaintiff is entitled to any of the relief requested or to any relief whatsoever.

## VENUE AND JURISDICTION

4.      This paragraph consists of legal conclusions regarding venue, to which no response is required. To the extent that a response is required, Defendant admits that venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

5.      This paragraph consists of legal conclusions regarding jurisdiction, to which no response is required. To the extent a response is required, Defendant admits that this Court has jurisdiction subject to the terms, conditions, and limitations of FOIA and pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B).

## PARTIES

6.      The allegations in this paragraph are Plaintiff's characterizations of itself to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information to form a belief as to their truth.

7.      Defendant admits only that it is a federal agency within the meaning of 5 U.S.C. § 552(a)(4)(B), located in Washington, D.C.  Defendant respectfully refers the Court to the

Agency's official website as the best evidence of its content and denies any allegations inconsistent therewith.

**FACTUAL ALLEGATIONS**

**A. Background**

8.      The allegations in this paragraph are Plaintiff's characterizations of itself to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information to form a belief as to their truth.

9.      The allegations in this paragraph are Plaintiff's characterizations of itself to which no response is required. To the extent a response is deemed required, Defendant lacks sufficient information to form a belief as to their truth.

10.     Defendant admits only that the Agency has made criminal referrals to the U.S. Department of Justice for various matters since March 14, 2025.  Defendant denies the remaining allegations in this paragraph.

11.     Defendant admits only that the Agency has made criminal referrals to the U.S. Department of Justice for various matters since March 14, 2025.  Defendant denies the remaining allegations in this paragraph.

**B. National Review's FOIA Request to FHFA on September 4, 2025**

12.     Defendant lacks sufficient information to form a belief as to truth of the allegation in this paragraph.  Defendant admits only that it received an electronic FOIA request on December 2, 2025, and avers that it is processing that request in accordance with the Agency's FOIA regulations.  *See* 12 C.F.R. § 1202.7.

13.     Defendant admits only that it received Plaintiff's electronic FOIA request on December 2, 2025.  Defendant respectfully refers the Court to the referenced request, attached to

the Complaint as Exhibit A (ECF No. 1-1) as the best evidence of its content and denies any allegations inconsistent therewith.

14.    Defendant admits only that it received Plaintiff's electronic FOIA request on December 2, 2025.  Defendant respectfully refers the Court to the referenced request, attached to the Complaint as Exhibit A (ECF No. 1-1) as the best evidence of its content and denies any allegations inconsistent therewith.

15.    Defendant admits only that it received Plaintiff's FOIA request on December 2, 2025.  Defendant respectfully refers the Court to the referenced request, attached to the Complaint as Exhibit A (ECF No. 1-1) as the best evidence of its content and denies any allegations inconsistent therewith.

16.    Defendant avers that since October 27, 2025, the only communication with Plaintiff was to explain that the Agency never received the purported September 4, 2025, FOIA request. Defendant avers that it received an electronic FOIA request on December 2, 2025, and further avers that it is processing that request in accordance with the Agency's FOIA regulations.  *See* 12 C.F.R. § 1202.7.

## COUNT ONE: FHFA's VIOLATION OF FOIA

17.    Defendants incorporate by reference its responses to all preceding paragraphs as if set forth fully herein.

18.    Defendant avers that it received an electronic FOIA request on December 2, 2025, and avers that it is processing that request in accordance with the Agency's FOIA regulations.  The remaining paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.

19.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required.  To the extent a response is required, Defendant denies the allegations of this paragraph.

20.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. Defendant avers that it received an electronic FOIA request on December 2, 2025, and further avers that it is processing that request in accordance with the Agency's FOIA regulations.  *See* 12 C.F.R. § 1202.7.

21.     Defendant admits that it has not yet issued produced records related to Plaintiff's FOIA request.  Defendant avers that it received an electronic FOIA request on December 2, 2025, and further avers that it is processing that request in accordance with the Agency's FOIA regulations.  *See* 12 C.F.R. § 1202.7.

22.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. Defendant avers that it received an electronic FOIA request on December 2, 2025, and further avers that it is processing that request in accordance with the Agency's FOIA regulations.  *See* 12 C.F.R. § 1202.7.

23.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits only that it received an electronic FOIA request on December 2, 2025, and no records have yet been produced.  Defendant denies, however, any allegation that any such timing alone entitles Plaintiff to the relief sought or establishes a violation of FOIA.

24.     This paragraph does not contain allegations of fact but rather conclusions of law to which no response is required. To the extent a response is deemed required, Defendant admits only that it received an electronic FOIA request on December 2, 2025, and no records have yet been

produced.  Defendant denies, however, any allegation that any such timing alone entitles Plaintiff to the relief sought or establishes a violation of FOIA.

## RELIEF SOUGHT

25.    This paragraph sets forth Plaintiff's prayer for relief to which no response is required.  To the extent a response is deemed required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever.

* * *

## DEFENSES

Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to this Complaint become known to Defendant through the course of this litigation.  Defendant does not assume the burden of proving any of these defenses or elements of them where the burden is properly placed on Plaintiff as a matter of law.

### FIRST DEFENSE

This Court lacks subject matter jurisdiction over any of Plaintiff's requests for relief that exceed the relief authorized by the FOIA.  *See* 5 U.S.C. § 552.

### SECOND DEFENSE

Defendant's actions or inactions did not violate the FOIA or any other statutory or regulatory provision.

### THIRD DEFENSE

Defendant has exercised due diligence in processing Plaintiff's December 2, 2025, electronic FOIA request in accordance with FOIA regulations, *see* 12 C.F.R. § 1202.7, and additional time is necessary for Defendant to continue its processing of Plaintiff's FOIA request.

### FOURTH DEFENSE

Plaintiff is not entitled to compel the production of any record or portion of any record protected from disclosure by one or more of the exclusions or exemptions to the FOIA or the Privacy Act, 5 U.S.C. § 552a.

### FIFTH DEFENSE

Defendant conducted an adequate search for documents responsive to Plaintiff's FOIA request.

## SIXTH DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief. 5 U.S.C. § 552(a)(4)(B).

## SEVENTH DEFENSE

Plaintiff is neither eligible for nor entitled to an award of attorneys' fees or costs in this action.


Dated: December 21, 2026                   Respectfully submitted,

                                           JEANINE FERRIS PIRRO
                                           United States Attorney

                                           By:  /s/ Saifuddin K. Kalolwala
                                               SAIFUDDIN K. KALOLWALA
                                               Assistant United States Attorney
                                               601 D Street, N.W.
                                               Washington, D.C. 20530
                                               (202) 252-2550
                                               Saifuddin.Kalolwala@usdoj.gov

                                           *Attorneys for the United States of America*